## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRIDGET BULLARD,
           Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
           Agency.

DOCKET NUMBER
AT-3443-18-0329-I-1

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bridget Bullard</u>, West Palm Beach, Florida, pro se.

<u>Heather G. Blackmon</u>, Tampa, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a GS-6 Civilian Pay Technician, received a written admonishment for unprofessional and inappropriate conduct. Initial Appeal File (IAF), Tab 1 at 1, 6-7. The appellant filed a Board appeal challenging the action, and she requested a hearing. *Id.* at 2-3. On her Board appeal form, the appellant claimed that the agency had committed a prohibited personnel practice by issuing the admonishment. *Id.* at 3.

The administrative judge issued a show cause order explaining that the Board may not have jurisdiction over this appeal because a letter of admonishment is not one of the personnel actions listed in 5 U.S.C. § 7512. IAF, Tab 5 at 1. The administrative judge further explained that, while the Board might have jurisdiction over such an action in the context of an Individual Right of Action (IRA) appeal asserting that the action was taken in reprisal for protected whistleblowing disclosures, the appellant made no such claim in her appeal and indicated on her Board appeal form that she had not filed a complaint with the Office of Special Counsel (OSC) on any such claim, which is a prerequisite for filing an IRA appeal with the Board.[2] *Id.* at 3 n.1; IAF, Tab 1

---

[2] Under the Whistleblower Protection Enhancement Act, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC

at 4. Accordingly, the administrative judge ordered the appellant to submit evidence and argument sufficient to raise allegations of fact which, if proven, would establish that she was subjected to a personnel action within the Board's jurisdiction. IAF, Tab 5 at 3. The administrative judge also stated that if the appellant intended to assert a whistleblower reprisal claim, she must so state in her response to the order. *Id.* at 3 n.1.

In response to the order, the appellant stated that she was unable to show that the Board has jurisdiction over her admonishment. IAF, Tab 6. She did not express an intention to assert a whistleblower reprisal claim. *Id.*

Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that an admonishment is not directly appealable to the Board and that the appellant did not allege that she was subjected to any action which would be appealable to the Board. IAF, Tab 8, Initial Decision (ID) at 2. The administrative judge further found that, although the appellant alleged in her appeal that the agency committed an unspecified prohibited personnel practice, in the absence of an otherwise appealable action, the Board lacks independent jurisdiction over such an allegation. ID at 2 n.1; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response. PFR File, Tab 4.

---

and makes nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

## ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An admonishment is not an adverse action under 5 U.S.C. chapter 75, over which the Board has jurisdiction. 5 U.S.C. § 7512.

On review, the appellant argues that, although an admonishment is not one of the actions listed in 5 U.S.C. § 7512, it falls within the Board's jurisdiction and is directly appealable to the Board because it qualifies as "other disciplinary or corrective action" under 5 U.S.C § 2302(a)(2)(A)(iii).[3] PFR File, Tab 1 at 4.

This argument is unavailing. The fact that an admonishment qualifies as "other disciplinary or corrective action" under 5 U.S.C § 2302(a)(2)(A)(iii), and therefore meets the definition of "personnel action" set forth in 5 U.S.C. § 2302(a)(2)(A), is relevant to the jurisdictional issue in an IRA appeal.[4] *See Massie v. Department of Transportation*, 114 M.S.P.R. 155, ¶ 13 (2010) (reflecting that an admonishment is a personnel action for purposes of an IRA appeal). It has no bearing on whether the Board has jurisdiction over this appeal, however, as it is undisputed that this is not an IRA appeal. In that regard, we note that, in her reply to the agency's response to her petition for review, the appellant states that this is not an IRA appeal, she is not alleging whistleblower retaliation, and she has never contacted OSC. PFR File, Tab 4 at 4. Therefore, although we agree with the appellant that an admonishment qualifies as an "other disciplinary or corrective action" under 5 U.S.C 2302(a)(2)(A)(iii), contrary to

---

[3] Although the appellant raises this argument for the first time on review, we consider it because it implicates the Board's jurisdiction. The issue of jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Zajac v. Department of Agriculture*, 112 M.S.P.R. 160, ¶ 8 (2009).

[4] As previously noted, to establish Board jurisdiction in an IRA appeal, the appellant must show, inter alia, that the agency took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno*, 123 M.S.P.R. 230, ¶ 5.

her contention on review, this does not render the admonishment directly appealable to the Board, nor does it confer the Board with jurisdiction over this appeal.

On review, the appellant also reasserts her argument below that the agency committed a prohibited personnel practice (which she identifies on review as an abuse of authority) by issuing the admonishment. PFR File, Tab 1 at 5. As previously discussed, however, in the absence of an otherwise appealable action, the Board lacks independent jurisdiction over such an allegation. ID at 2 n.1; *see Wren*, 2 M.S.P.R. at 2.

Lastly, the appellant contends on review that this is a mixed case because she has an equal employment opportunity case pending in conjunction with the agency's alleged abuse of authority. PFR File, Tab 1 at 5. A mixed case is one in which the appellant alleges she suffered an otherwise appealable action motivated by unlawful discrimination. *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431-32 (2017). An appellant may pursue such a claim by filing a formal equal employment opportunity complaint with her employing agency followed by an appeal to the Board, or by filing a direct appeal with the Board. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 11 (2016). Here, because the appellant has not alleged that she suffered an otherwise appealable action, her case is not a mixed case over which the Board may have jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                                  Gina K. Grippando
                                                  Clerk of the Board

Washington, D.C.